## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STEVEN M. SOUSA, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 12-303-M |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., et al. | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| BEATRICE STERLING, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 12-561-M |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., et al. | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| BASSAM KHALIL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 12-698-M |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., et al. | ) | |
| Defendants. | ) | |

ROBERT MONTGOMERY, et al.,
            Plaintiffs,

      v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.
            Defendants.

C. A. No. 12-854-M

---

SANTO ARIAS,
            Plaintiff,

      v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.
            Defendants.

C. A. No. 12-005-M

---

DANIEL DECESARE, et al.,
            Plaintiffs,

      v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.
            Defendants.

C. A. No. 12-692-M

---

BARBARA WARNOCK, et al.,
            Plaintiffs,

      v.

JP MORGAN CHASE BANK NA, et al.
            Defendants.

C. A. No. 12-693-M



| | |
|---|---|
| METH KEA, et al.,<br>          Plaintiffs,<br><br>          v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.<br>          Defendants. | C. A. No. 12-194-M |
| ARTHUR SENRA, et al.,<br>          Plaintiffs,<br><br>          v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.<br>          Defendants. | C. A. No. 12-406-M |
| ANTHONY G. TORTOLANO, et al.,<br>          Plaintiffs,<br><br>          v.<br><br>BANK OF AMERICA, NA, et al.,<br>          Defendants. | C. A. No. 12-599-M |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

There are 831 cases on this Court's *In re Mortgage Foreclosure Docket*, 11-mc-88, including the ten above-captioned cases. One attorney, George E. Babcock is counsel for Plaintiffs in 705 of those cases, which amounts to 85% of the total cases filed on this

consolidated docket.  In one of her periodic reports to this Court and the parties, the Special

Master stated, "by far the greatest challenge [to the Special Master program] has been the

consistent untimeliness of almost all Plaintiffs' counsel, and in particular the non-responsiveness

of the firm with the largest caseload." (*In re Mortgage Foreclosure Cases*, 11-mc-88, ECF No.

2215 at 4.)  Mr. Babcock and his firm represent the ten Plaintiffs considered in this Order.

In each of these ten cases, the Special Master has filed a Recommendation for Dismissal

and Sanctions based on Plaintiffs' and/or their counsel's repeated failure to comply with

deadlines and orders set by the Special Master.[1]  The Special Master recommended dismissal of

the ten cases for failure to comply with her orders,[2] or in the alternative for the Court to assess a

fine for noncompliance.  By Text Order, this Court required Plaintiffs' counsel to show cause at

a hearing why the recommendations of the Special Master should not be adopted.  Plaintiffs'

attorney filed an objection to the recommendation for each case on the morning of the hearing.[3]

Post-hearing, the Special Master filed a Supplemental Report,[4] and Plaintiffs filed an Amended

Objection.[5]

The First Circuit has been clear in setting forth a district court's power to manage

effectively and efficiently its docket, including the imposition of sanctions.  "[F]ederal trial

---

[1] Special Master's Recommendation:  Sousa (ECF No. 13), Sterling (ECF No. 20), Khalil (ECF No. 14), Montgomery (ECF No. 20), Arias (ECF No. 12), DeCesare (ECF No. 13), Warnock (ECF No. 12), Kea (ECF No. 8), Senra (ECF No. 14), and Tortolano (ECF No. 15).
[2] This Court has considered and rejected the Special Master's recommendations to dismiss the cases because at this stage such a sanction is too severe.
[3] Plaintiffs' Objection:  Sousa (ECF No. 14), Sterling (ECF No. 21), Khalil (ECF No. 15), Montgomery (ECF No. 21), Arias (ECF No. 13), DeCesare (ECF No. 14), Warnock (ECF No. 13), Kea (ECF No. 9), Senra (ECF No. 15), and Tortolano (ECF No. 16).
[4] Special Master's Supplemental Report:  Sousa (ECF No. 15), Sterling (ECF No. 22), Khalil (ECF No. 16), Montgomery (ECF No. 22), Arias (ECF No. 14), DeCesare (ECF No. 15), Warnock (ECF No. 14), Kea (ECF No. 10), Senra (ECF No. 16), and Tortolano (ECF No. 17).
[5] Plaintiffs' Amended Objection:  Sousa (ECF No. 16), Sterling (ECF No. 23), Khalil (ECF No. 17), Montgomery (ECF No. 23), Arias (ECF No. 15), DeCesare (ECF No. 16), Warnock (ECF No. 15), Kea (ECF No. 11), Senra (ECF No. 17), and Tortolano (ECF No. 18).

courts possess wide-ranging authority to manage the conduct of litigation and, as a necessary corollary of that authority, to sanction litigants who fail to comply with court-imposed deadlines. *Martinez-Serrano v. Quality Health Servs. of P.R., Inc.*, 568 F.3d 278, 283 (1st Cir. 2009). The First Circuit succinctly described what this Court is confronted with as outlined in the Special Master's Recommendation:

> [T]he court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders. Unexcused misconduct of that stripe places the choice of sanction (up to, and including, dismissal) within the sound discretion of the district court.

*Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002).

The need to ensure compliance with this Court's orders is even more severe because of the large number of cases on this Court's mortgage foreclosure docket. "To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process - and a party's disregard of such orders robs them of their utility." *Id.* The obligation of the litigants to comply with this Court's case management orders is beyond question. "[L]itigants have an unflagging duty to comply with clearly communicated case-management orders." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998).

In addition to the power to manage its docket and sanction parties, Rule 11 of the Federal Rules of Civil Procedure authorizes judges to sanction attorneys who file pleadings, motions, or other papers "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," a determination left to the considered judgment of this Court. Fed. R .Civ. P. 11(b) & (c). "Federal courts have inherent power to sanction parties and attorneys for abuse of the litigation process, even in diversity cases." *Simon v. Navon*, 71 F.3d 9, 17 (1st Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

This Court is disturbed by the large number of instances of on-compliance with deadlines and is very concerned about the ability of this one law firm to handle adequately this large volume of cases and clients.

After a review of the Special Master's recommendations and Plaintiffs' responses, as well as the presentations by Plaintiffs' counsel at the show cause hearing, this Court makes the following findings as to each case.

1.  **CA 12-303: <u>Sousa v. Mortgage Electronic Registration Systems, Inc.</u>**

   a. On June 6, 2013, Defense counsel sent a modification solicitation letter to the Plaintiffs' counsel via email detailing a potential loan modification that could provide Plaintiffs with up to a 39% principal reduction. Included with the letter was a financial package that Plaintiffs would have to submit if they wished to pursue the loan modification. The Special Master's Office imposed a June 20, 2013 deadline for Plaintiffs to submit the modification package.

   b. Plaintiffs did not submit the documents by the deadline.

   c. On June 28, 2013, eight days after the original deadline, the Special Master again ordered Plaintiffs to produce the loan modification package no later than July 8, 2013 or to state that they no longer wished to pursue a loan modification.

   d. Plaintiffs provided no response or explanation before the expiration of either deadline.

   e. On July 12, 2013, four days after the second ordered deadline, and 22 days after the first deadline, Plaintiffs filed the following statement with this Court: "Now comes, the plaintiff in the above captioned matter and hereby states that they have been presented with a cash-for-keys offer which they have rejected." (ECF No. 12.)

   f. This statement by Plaintiffs'' counsel was not correct.

   g. On July 15, 2013, the Special Master's Office sent the following email to Plaintiffs' counsel: "On Friday you filed a response to a show cause order in this case in which you stated that the Plaintiff has rejected a CFK [cash-for-keys] offer. I believe you are referring to a different Sousa (12-280). In this case, your client indicated that they wished to pursue a loan modification. [Defense counsel] sent a loan modification package to your office by email on June 6. Can you confirm whether your client still wishes to pursue a loan modification?"

   h. On July 16, 2013, Plaintiffs' counsel, in response to above email: "I was wrong. They are coming in with documents today."

     i.  As of July 29, 2013, Plaintiffs still had not sent the documents to the Special Master.[6]

     j.  On July 30, 2013, Plaintiffs' counsel responded to this Court's Show Cause Order by stating that they have "become frustrated with the lenders," but offered no justification for ignoring the deadlines. (ECF No. 14.)

Plaintiffs failed to comply with two of the Special Master's Orders to submit the loan modification financial package. Plaintiffs completely ignored both deadlines until July 12, 2013 at which time Plaintiffs filed an "objection" with the Court that was factually incorrect.[7] Because Plaintiffs failed to provide the requested documents in violation of those orders, and because Plaintiffs' completely failed to even communicate with the Special Master's Office with regard to these matters before the deadlines passed, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within 14 days of the date of this Order. She shall apply the fine against her office's retainer.

**2.**    **CA 12-561: <u>Sterling v. Mortgage Electronic Registration Systems, Inc.</u>**

     a.  On May 2, 2013, at a settlement conference, Plaintiff's counsel stated that Plaintiff wished to pursue a loan modification. Defendant sent a loan modification package to Plaintiff's counsel the same day. The Special Master ordered Plaintiff to submit the loan modification package by May 16, 2013.

     b.  On June 6, 2013, 21 days after the deadline, Plaintiff's counsel sent an email stating that Plaintiff was in the hospital.

---

[6] Plaintiffs' counsel eventually did submit a loan modification package to the Defendants on August 2, 2013, 43 days after the original deadline.

[7] In his Amended Objection, Plaintiffs' counsel states "This matter represents the prejudice of the Special Master toward Attorney Babcock since no action or recommendation was made by the Special Master regarding Defendant's flagrant disregard for the medication process but a recommendation has been made to this Court for dismissal of Plaintiff's claim and/or sanctions against Plaintiff's counsel." (ECF No. 16 at 2.) This Court rejects Plaintiffs' counsel's assertion. The Court has not observed, and Plaintiff's counsel has not pointed to any evidence to support, the allegation of any prejudicial conduct from the Special Master toward Plaintiffs' counsel, or toward any counsel or party. The facts establish that Plaintiffs' counsel missed two deadlines in this case and when he finally responded to the two missed deadlines, he misstated the facts. (*See* ECF No. 12.)

   c. On June 28, 2013, the Special Master again ordered Plaintiff to produce the loan modification package (ECF No. 19) this time no later than July 8, 2013 or to state that she no longer wished to pursue a loan modification. Plaintiff did not respond to that order.

   d. As of July 29, 2013, Plaintiff has not submitted any documents or given any further direction concerning her desire to proceed.

   e. Plaintiff's counsel responded to this Court's Show Cause Order by stating that the Plaintiff is in the hospital in a "near death situation," that her phone has been disconnected, and that he has been unsuccessful in communicating with her. (ECF No. 21 and 23.)

This Court is very disturbed by Plaintiff's counsel's failure to meet the ordered deadlines by, at minimum, timely communicating relevant information concerning his client with the Special Master's office. However, in light of Plaintiff's medical condition, this Court will not impose sanctions at this time. However, if Plaintiff does not submit the completed documents within fourteen days of the date of this Order, or seeks a reasonable extension from the Special Master, this Court will dismiss Plaintiff's case with prejudice.

**3. CA 12-698: Khalil v. Mortgage Electronic Registration Systems, Inc.**

   a. At a settlement conference on May 20, 2013, Plaintiff's counsel stated that Plaintiff wished to pursue a loan modification. Defendant sent a loan modification package to Plaintiff's counsel on May 29, 2013. The Special Master ordered Plaintiff to submit the completed loan modification package by June 12, 2013.

   b. On June 28, 2013, 16 days after the deadline, the Special Master again ordered Plaintiff to produce the completed loan modification package this time no later than July 8, 2013 or to state that he no longer wished to pursue a loan modification. (ECF No. 12.) Plaintiff did not respond to either order.

   c. On July 15, 2013, seven days after the second deadline, and 33 days after the original deadline, Plaintiff's counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that the requested documents have been submitted and that they have received an offer and that they are currently in the process of reviewing and responding to." (ECF No. 13.)

   d. Mr. Babcock's statement in his filing with this Court was not true.

e. The Special Master's Office responded to Plaintiff's counsel stating the following: "As you know, on June 28 we filed an order requiring your client to produce a completed loan modification package no later than July 8. Today you filed a response in which you stated that 'the requested documents have been submitted and that they have received an offer that they are currently in the process of reviewing and responding to' I have yet to see any email supporting those assertions. Please forward them to me by close of business tomorrow."

f. Plaintiff's counsel did not respond by the close of business the following day.

g. On July 22, 2013, 7 days later, Mr. Babcock sent an email to the Special Master's Office containing the following: "I think this is why I didn't get his documents. He was busy smuggling cigarettes. I don't plan on going to the Federal Prison to pick up his tax returns. As you can see, I was not involved in the cigarette smuggling scheme." Attached to the email was a May 6, 2013 *Providence Journal* article that reported Plaintiff's alleged involvement and arrest for smuggling cigarettes.

h. As of July 29, 2013, Plaintiff has not submitted any documents.

In light of Plaintiff's failures to comply with two of the Special Master's orders to submit the completed loan modification financial package, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiff shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer. If Plaintiff does not submit the complete documents within seven days of the date of this Order, this Court will dismiss Plaintiff's case with prejudice.

More disturbing to this Court is the fact that Plaintiff's counsel submitted a document to the Court that contained a false assertion. (ECF No. 13.) In response to the Special Master's Order to Produce, Plaintiff's counsel stated that: "the requested documents have been submitted and that they have received an offer that they are currently in the process of reviewing and responding to." (*Id.*) This factual assertion was not true – Plaintiff's counsel had not submitted the documents. The false nature of that court-filed statement by Mr. Babcock was confirmed when he wrote on July 22, 2013, "I think this is why I didn't get his documents." Rule 11 of the

Federal Rules of Civil Procedure allows this Court to impose sanctions on counsel for signing and submitting a paper to this Court that contains false factual contentions. *See* Fed R. Civ. P. 11(b)(3). This Court hereby sanctions Plaintiff's counsel Attorney George Babcock and orders that he pay $2500 as a sanction for violating Rule 11. Attorney Babcock shall pay the sanction to the Special Master within seven days of the date of this Order because the false assertions have caused the Special Master's Office to incur unnecessary time and expenses that financially burdens all of the parties on the docket. She shall apply the sanction against her office's retainer.

4. **CA 12-854: <u>Montgomery v. Mortgage Electronic Registration Systems, Inc.</u>**

   a. At a settlement conference on May 22, 2013, Plaintiffs' counsel stated that Plaintiffs wished to pursue a loan modification. The Special Master ordered Plaintiffs to submit the loan modification package by June 24, 2013.
   b. No loan modification package was timely submitted.
   c. On June 28, 2013, 4 days after the unmet deadline, the Special Master again ordered Plaintiffs to produce the loan modification package this time no later than July 8, 2013 or to state that they no longer wished to pursue a loan modification. (ECF No. 16.)
   d. Plaintiffs did not timely respond to that order.
   e. On July 15, 2013, seven days after the second deadline, and 21 days after the original deadline, Plaintiffs' counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that the requested documents have been submitted." (ECF No. 19.)
   f. Mr. Babcock's statement in this court filing was not true. He had not submitted the requested documents.
   g. On July 30, 2013, Plaintiffs' counsel responded to the Special Master's recommendation by stating that Plaintiffs' accountant was on vacation and not available. (ECF No. 21.)
   h. As of July 29, 2013, Plaintiffs have not submitted any documents.[8]

---

[8] In their Amended Objection, Plaintiffs state: "Document request was moot because lender made settlement offer. Plaintiffs requested time to consider. She accepted the offer in a timely fashion and the documents have been sent to the Special Master." (ECF No. 23 at 3.) This response, however does not address Plaintiffs' failure to respond timely to the two orders or their counsel's false assertion made by Plaintiffs' counsel in the court filing.

In light of the Plaintiffs' failure to comply with two of the Special Master's orders to submit the loan modification financial package, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer. If Plaintiffs do not submit the complete documents within seven days of the date of this Order,[9] this Court will dismiss Plaintiffs' case with prejudice.

For the second time, this Court finds that Plaintiffs' counsel Mr. Babcock submitted a document to this Court that contained a false assertion. In response to the Special Master's Order, Plaintiffs' counsel stated that, "the requested documents have been submitted." (ECF No. 19.) Mr. Babcock's factual assertion was not true – he had not submitted the documents. Rule 11 of the Federal Rules of Civil Procedure allows this Court to impose sanctions on counsel for signing and submitting a paper to this Court that contains false factual contentions. *See* Fed R. Civ. P. 11(b)(3). This Court hereby sanctions Plaintiffs' counsel Attorney George Babcock and orders that he pay $2500 as a sanction for violating Rule 11. Attorney Babcock shall pay the sanction to the Special Master within seven days of the date of this order because the false assertions have caused the Special Master's Office to incur unnecessary time and expenses that financially burdens all of the parties on the docket. She shall apply the sanction against her office's retainer.

5.  **CA 12-005: <u>Arias v. Mortgage Electronic Registration Systems, Inc.</u>**

   a.  On May 16, 2013, Defendant requested from Plaintiff information it needed for the purpose of a loan modification including a hardship letter, financial worksheet, 4506T form, and recent quarterly profit & loss statement.

---

[9] Plaintiffs claim that this issue is moot because she has accepted the settlement offer. (ECF No. 23 at 3.) Plaintiffs therefore shall file with the Court a dismissal stipulation within 7 days.

b.   On June 28, 2013, the Special Master ordered Plaintiff to produce the documents no later than July 8, 2013 or to state that he no longer wished to pursue a loan modification. (ECF No. 10.)

c.   On July 15, 2013, seven days after the deadline, Plaintiff, in response to the Special Master's Order to produce, filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that the property was subject to a second mortgage which has now been worked out. The parties should now be able to go forward with a settlement of the first mortgage." (ECF No. 11.)

d.   The same day, the Special Master's Office sent the following email to Plaintiff's counsel: "While I appreciate your client's published response to our order to produce, you still have to provide the documents as ordered.  On May 16, 2013, [Defendant's counsel] sent the attached email request for specific documents. Though you did respond to the issue of the second mortgage, you have still not provided:  1) An updated hardship letter; 2) A financial worksheet; 3) An updated 4506T; 4) Most recent quarterly profit and loss statement.  If I am wrong, and you have provided the requested documents, please forward that email to me by close of business tomorrow."

e.   The Special Master's Office did not receive a response to its July 15, 2013 email.

f.   As of July 29, 2013, Plaintiff had not submitted any documents.[10]

In light of the Plaintiff's failure to comply with the Special Master's order to submit the requested documents by July 8, 2013, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013).  Plaintiff shall pay the fine to the Special Master within fourteen days of the date of this Order.  She shall apply the fine against her office's retainer.

6.   **CA 12-692: DeCesare v. Mortgage Electronic Registration Systems, Inc.**

a.   On June 4, 2013, the parties and Special Master discussed this case at a settlement conference.   Plaintiffs previously submitted a loan modification package in February 2013.  (ECF No. 16.)  Defendant requested additional documents, which counsel for the Plaintiffs was having difficulty obtaining.  The Special Master had previously ordered Plaintiffs to submit the documents by May 7, 2013.   The Special Master asked Defendant to re-send a list of the required documents to Plaintiffs.

---

[10] Plaintiff's counsel eventually submitted the requested documents on August 1, 2013.

    b. On June 5, 2013, Defendant sent the list of missing documents to Plaintiffs' counsel. The Special Master gave Plaintiffs a June 19, 2013 deadline to submit those documents.

    c. Plaintiffs did not produce documents by June 19, 2013. On June 28, 2013, the Special Master again ordered Plaintiffs to produce the documents this time no later than July 8, 2013, or to state that they no longer wished to pursue a loan modification. (ECF No. 12.)

    d. Plaintiffs did not respond to that order.

    e. As of July 29, 2013, Plaintiffs have not submitted any documents.

    f. Plaintiffs' counsel responded to this Court's Show Cause Order by stating that Plaintiffs "lived in Milwaukee and Florida and Rhode Island over the past three years and is unable to locate all of the documents needed to file his tax returns." (ECF No. 14.)

In light of Plaintiffs' failure to comply with the Special Master's order to submit the requested documents, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer. If Plaintiffs do not submit the complete documents within seven days of the date of this Order, this Court will dismiss Plaintiffs' case with prejudice.

7.    **CA 12-693: <u>Warnock v. JP Morgan Chase Bank NA</u>**

    a. On June 18, 2013, the parties and Special Master discussed this case at a settlement conference. Plaintiffs had previously applied, and had been rejected, for a loan modification. Counsel for the Plaintiffs indicated that Plaintiffs would like to re-apply this time including contribution information from the Plaintiffs' son. Plaintiffs were given two weeks in which to submit an updated loan modification package that included the contribution information.

    b. On June 28, 2013, the Special Master ordered Plaintiffs to produce the documents no later than July 8, 2013 or to state that they no longer wished to pursue a loan modification. (ECF No. 10.)

    c. Plaintiffs did not respond to that order.

    d. On July 15, 2013, Plaintiffs' counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that the initially requested documents were submitted

and that additional documents from the Plaintiffs son will be submitted as well." (ECF No 11.)

e. As of July 29, 2013, Plaintiffs have not submitted the documents that the Special Master ordered the Plaintiffs to produce.[11]

In light of the Plaintiffs' failures to comply with the Special Master's order to submit the loan modification financial package, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer.

8. **CA 12-194: <u>Kea v. Mortgage Electronic Registration Systems, Inc.</u>**

a. On May 28, 2013, Defendant offered Plaintiffs a loan modification that included a $96,254 principal reduction. The Special Master gave Plaintiffs a two-week deadline to respond to the offer.

b. On June 18, 2013, the parties and the Special Master discussed the case at a settlement conference. Plaintiffs' counsel stated that they were having an issue getting in touch with Plaintiff husband. Plaintiffs were given an additional week in which to respond.

c. On June 28, 2013, the Special Master ordered Plaintiffs to comply by responding to the settlement offer no later than July 8, 2013. (ECF No. 6.)

d. On July 15, 2013, seven days late, Plaintiffs' counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiffs in the above captioned matter and hereby states that they have submitted the requested documents." (ECF No. 7.)

e. Mr. Babcock's statement in this Court filing was not true. He had not submitted the requested documents.

f. That same day, the Special Master's Office sent the following email to Plaintiffs' counsel: "On May 28, Chase offered your client a loan modification that included principal reduction of $96,254 (to be divided over 3 year period). The deadline to respond to that offer was June 11. After that deadline passed, and after we discussed this case at a conference, that deadline was extended until June 25. When that extended deadline past [sic], we filed an order for your client to comply by responding to Chase's loan modification offer no later than July 8. Today, a week after the order to comply deadline, you filed a response in which you stated that 'the Plaintiff in the above captioned matter … hereby states that

---

[11] Plaintiffs' counsel eventually did submit the documents to the Defendants on July 30, 2013.

they have submitted the requested documents.' I am unsure what that response is supposed to mean. Are you saying that your client accepted the mod and submitted settlement documents?"

g. The next day, Mr. Babcock sent the following email: "There is a problem with husband at this point. He is out of country. I had emailed earlier about attorney Client issue"

h. Also on the same day, Defendant's counsel sent the following email to Plaintiffs' counsel: "My client made the offer to the borrower on May 28th and your client was supposed to execute the docs, etc., on or about June 20th - at the latest. If we don't receive the executed documents by the end of this week, July 19, 2013, the offer is withdrawn. There is a time factor to apply the loan, which requires receipt of the executed documents by July 19th."

i. On July 19, 2013, the Special Master recommended sanctions or dismissal for failure to comply. (ECF No. 8.)

j. Mr. Babcock responded by sending the following email: "I am sending signed doc from wife. Husband has it in Texas. I will have by Monday."

k. On July 22, 2013, Mr. Babcock sent the following email: "These are the Fed Ex receipts regarding Kea. It was received but he has not yet sent signed agreement to me. This is out of my control. He promised his ex-wife and daughter that he would return the documents. I am unable to control what people do or do not do. Mrs. Kea has signed and is ready to pay the mortgage amount. It was only her income that was considered." Attached to the email was a scanned copy of a FedEx label, dated July 20, 2013.

l. On July 23, 2013, Mr. Babcock emailed a scanned copy of loan modification agreement.

In light of the Plaintiffs' failures to comply with two of the Special Master's orders to submit the loan modification financial package, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer. If Plaintiffs have not submitted the complete documents within seven days of the date of this Order, this Court will dismiss with prejudice the Plaintiffs' case.

For the third time, this Court finds that Plaintiffs' counsel submitted a document that contained a false assertion to this Court. In response to the Special Master's order, Plaintiffs'

counsel stated that, "they have submitted the requested documents." (ECF No. 7.) Mr. Babcock's factual assertion was not true – he had not submitted the requested documents. Rule 11 of the Federal Rules of Civil Procedure allows this Court to impose sanctions on counsel for singing and submitting a paper to this Court that contains false factual contentions. *See* Fed R. Civ. P. 11(b)(3). This Court hereby sanctions Plaintiffs' counsel Attorney George Babcock and orders that he pay $2500 as a sanction for violating Rule 11. Attorney Babcock shall pay the sanction to the Special Master within seven days of the date of this Order because the false assertions have caused the Special Master's Office to incur unnecessary time and expenses that financially burdens all of the parties on the docket. She shall apply such sanctions against her office's retainer.

9. **CA 12-406: <u>Senra v. Mortgage Electronic Registration Systems, Inc.</u>**

   a. On June 6, 2013, counsel for the Defendant sent a trial loan modification to Plaintiffs' counsel via email. If accepted, the first payment would have been due August 1, 2013. Plaintiffs were given a deadline of June 20, 2013 to respond to the offer.

   b. On June 11, 2013, Plaintiffs' counsel sent the following email: "My client is requesting additional time to respond to this offer. He wants to order an appraisal in order to assess accurately his options and course of action going forward. Since we are within our deadline to respond, I don't see that this should be a problem."

   c. On June 18, 2013, the Special Master's Office emailed Plaintiffs' counsel and his associate to ask how much additional time they were requesting. Neither attorney responded to that email.

   d. On June 28, 2013, after Plaintiffs had submitted nothing, the Special Master ordered Plaintiffs to comply by responding to the settlement offer no later than July 8, 2013. (ECF No. 12.)

   e. Plaintiffs submitted nothing by July 8, 2013.

   f. On July 15, 2013, Plaintiffs' counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that they have submitted the requested documents." (ECF No. 13.)

    g. Mr. Babcock's statement in this court filing was not true. He had not submitted the requested documents.

    h. That same day, the Special Master's Office sent the following email to Plaintiffs' counsel: "On June 6, Flagstar Bank offered your client a trial mod. The deadline to respond to that mod was June 20. After that deadline passed – with no response from your client - we filed an order to comply by responding to the trial mod offer no later than July 8. Today, you filed a 'Response to Order to Produce' in which you stated that 'the Plaintiff in the above captioned matter …. hereby states that they have submitted the requested documents.' I am unsure what documents you are referencing, as there were no subsequent document requests after Flagstar made the trial mod offer. This offer was made over a month ago. Your client has had ample time in which to consider and respond to the offer. By close of business tomorrow, your client is to either state that they are willing to accept the offer or are rejecting the offer."

    i. The next day, July 16, 2013, Plaintiffs' counsel sent the following response to the above email: "The documents were submitted. I do not put documents together. Can you speak to Beth or has that been outlawed"

    j. There is no evidence before the Court that Plaintiffs' counsel had in fact submitted the documents.

    k. On July 22, 2013, Plaintiffs' counsel sent the following email, rejecting the proposed modification offer: "My client has decided to reject this offer as the Unpaid principal balance is $280k, yet appraisal on the property has the property being worth $180k. In order for this deal to work there must be principal reduction not just a balloon or deferred principal amount."

In light of the Plaintiffs' failures to comply with two of the Special Master's orders, this Court imposes a fine of $750, i.e., $50 fine per day, for a total of 15 days (from July 8, 2013, the deadline of the second order until July 22, 2013, the date of the rejection of the offer). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer.

For the fourth time, this Court finds that Plaintiffs' counsel submitted to this Court a document that contained a false assertion. In response to the Special Master's Order, Plaintiffs' counsel stated that, "the requested documents have been submitted." (ECF No. 13.) This factual assertion was not true. Rule 11 of the Federal Rules of Civil Procedure allows this Court to

impose sanctions on counsel for signing and submitting a paper to this Court that contains false factual contentions. *See* Fed R. Civ. P. 11(b)(3). This Court hereby sanctions Plaintiffs' counsel Attorney George Babcock and orders that he pay $2500 as a sanction for violating Rule 11. Attorney Babcock shall pay the sanction to the Special Master within seven days of the date of this Order because the false assertions have caused the Special Master's Office to incur unnecessary time and expenses that financially burdens all of the parties on the docket. She shall apply the sanction against her office's retainer.

10. **CA 12-599: <u>Tortolano v. Bank of America, NA</u>**

    a. On June 5, 2013, Defendant, via email, sent a trial modification offer to Plaintiffs' counsel.

    b. On June 28, 2013, the Special Master ordered Plaintiffs to comply by responding to the settlement offer no later than July 8, 2013. (ECF No. 13.)

    c. On July 15, 2013, seven days after the deadline, Plaintiffs' counsel George Babcock filed the following statement with this Court: "Now comes, the Plaintiff in the above captioned matter and hereby states that they have submitted the requested documents." (ECF No. 14.)

    d. Mr. Babcock's statement in this court filing was not true. Plaintiffs had not submitted a response nor had they submitted the requested documents.

    e. On July 19, 2013, the Special Master recommended sanctions or dismissal for failure to comply. (ECF No. 15.)

    f. On July 22, 2013, Plaintiffs' counsel sent the following email to the Special Master's Office: "Please take a look at this email. You sent it to ALLLARDLAW. Corey never got this offer. This is what he does in this office. I don't review them. He does. I assumed he had the offer and would deal with Mr. Tortolano. Your error is why no response was made. YOUR ERROR not mine."

    g. On July 22, 2013, the Special Master responded: "The email with the settlement proposal was sent to you by counsel to the defendant. Thus addressing an email to Eric, Barbara and me claiming we addressed the email in question in error is your error. Eric also informs me that the email address Corey has of record in the docket is the one you are complaining about. Thus, you can hardly fault people for using it. Finally, I would note your appearance of record for this plaintiff. Putting aside whether you can tell opposing counsel not to communicate with you, I would have to wonder whether you ever communicated in writing to this

particular lawyer that communicating with you should not happen if the lawyer expects a timely result or responsiveness of any kind."

h. Mr. Babcock responded: "Not according to Corey. He was dealing with Mr. Tortolano. I never told opposing counsel not to deal with me. It is internal process. Like you I delegate. I will have Corey call Eric and our mutual subordinates can speak. In any event there was miscommunication at best. I suggest another look at email. I have used it just fine"

i. One of Mr. Babcock's associates responded: "There was some e-mails going back and forth last night regarding the Tortolano offer. I never received the 6/5/13 e-mail conveying a settlement offer or settlement documents. The reason that I never received the documents is because they weren't e-mailed to me. The address the e-mail was sent to was calllard@allardlaw.com. I draw your attention to the calllard. My name does not have 3 L's. It was clearly a typo on Defendants part and obviously not malicious. What concerns me is that in an e-mail last night from Special Master Sherman to Attorney Babcock it was asserted that my e-mail address of record in this case was calllard@allardlaw.com. This is not true. Pacer shows my e-mail in the case as callard@allardlaw.com. Notice only 2 L's. I hope this clears up the confusion."

j. As of July 29, 2013, Plaintiffs had not responded to the trial modification offer, though in their amended objection (ECF No. 18) the Plaintiffs now state they rejected the offer.

In light of Plaintiffs' failures to comply with the Special Master's orders to submit a response to the trial loan modification offer, this Court imposes a fine of $1050, i.e., $50 fine per day, for a total of twenty-one days (from July 8, 2013, the deadline of the second order until the date of the hearing, July 30, 2013). Plaintiffs shall pay the fine to the Special Master within fourteen days of the date of this Order. She shall apply the fine against her office's retainer.

**Conclusion**

This Court set up a mediation program because of the large number of similar cases filed in this district (though the Court readily admits it did not anticipate the extent of the filings that were to come), because of the magnitude of the harm caused to homeowners, and because of the financial burdens on the mortgage holders that held nonproductive mortgages. The Court believed, and continues to believe, that mediation of these cases is in the best interest of all

parties. The goal is to keep people in their homes where appropriate, set in place a producing mortgage for the financial institution without the added costs of foreclosure and re-sale to a third-party, and to remove the costs and uncertainty for all parties of litigation.

In order for the mediation to work, and considering the restriction pointed out by the First Circuit in *Fryzel v. Mortgage Electronic Registration Systems, Inc.,* 719 F.3d 40, 45-46 (1st Cir. 2013) (citing *In Re Atlantic Pipe Corporation,* 304 F.3d 135, 147 (1st Cir 2002)) then deadlines must be met, documents must be promptly produced, the parties must make decisions expeditiously, financial institutions must act in their financial best interest, banks need to expedite the process (valuing substance over form), lawyers need to take a second seat to business and personal decisions, and there needs to be a realistic understanding of what the law can and cannot – and should and should not - do.

In the matter that is presently before the Court, the Plaintiffs and their counsel did not fulfill these requirements of mediation. Sanctions and fines are appropriate and will continue to be imposed (and increased in severity) against any party that does not meet deadlines and act efficiently and expeditiously.

In summary, this Court orders the following:

1.  The following Plaintiffs shall pay[12] to the Special Master within 7 days the following amounts as a fine for failure to comply with the orders of the Special Master.

    a.  Steven M. Sousa and Kimberly M. Sousa: $1050

    b.  Bassam Khalil: $1050

    c.  Robert Montgomery and AnnMarie Montgomery: $1050

---

[12] The Court imposes the fine on the Plaintiffs in each of these cases, but the Court takes no position on whether the fines should be paid by the parties or by their counsel because the record is not clear whether the deadlines were missed through actions or inactions by the parties or by their counsel.

    d.  Santo Arias: $1050

    e.  Daniel S. DeCesare and Claudia DeCesare: $1050

    f.  Barbara Ann Warnock and Brian M. Warnock: $1050

    g.  Meth Kea and Seng C. Kea: $1050

    h.  Arthur Senra and Paula Senra: $750

    i.  Anthony G. Tortolano and Lori A. Tortolano: $1050

2. Attorney George E. Babcock is hereby sanctioned a total of $10,000 for violations of Rule 11 in the following four cases: *Bassam Khalil v. MERS*, C.A. No. 12-698-M; *Robert Montgomery v. MERS*, C.A. No. 12-854-M; *Meth Kea v. MERS*, C.A. No. 12-194-M; and *Arthur Senra v. MERS*, C.A. No. 12-406-M.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

August 13, 2013